# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **MARCOS ESTEVEZ,** ) | |
| ) | C.A. NO. 1:09-CV-11731-WGY |
| **Plaintiff,** ) | |
| v. ) | |
| ) | |
| **CITY OF LAWRENCE, et al.,** ) | |
| ) | |
| **Defendants** ) | |

## AFFIDAVIT OF HECTOR PINEIRO

1. I am an attorney duly licensed to practice before all courts of the Commonwealth of MA.

2. On September 22, 2010, counsel for plaintiff deposed Police Chief Romero and learned the following:

3. The Lawrence Police department lacked video cameras at the station covering bookings until 2008.

4. When a complainant alleges criminal conduct such as a beating, the department investigates the claim administratively but not criminally.

5. Chief Romero testified he does not know what critical incidents are and as such, he never implemented a policy of investigating critical incidents.

6. Lawrence Police shootings are only reviewed by the State Police C-PAC unit at Essex County DA.

7. Lawrence is just now considering implementing an early warning system of tracking problem officers.

8. The Lawrence Police Department does not even have a card catalog system tracking citizen complaints.

9. Chief Romero is a member of the International Association of Chiefs of Police (IACP), but despite the IACP's position statement that the code of silence exists, Chief Romero says he has never seen it.

10. Lawrence does not require the filing of injured prisoner reports.

11. Chief Romero was aware of others alleging they were beaten by police in cells at the department.

12. Injuries to prisoners are supposed to be reflected in the booking arrest form by the officer in charge (OIC), but frequently injuries are not so reflected.

13. Lawrence does not require that officers prepare use of force reports when force is applied.

14. Chief Romero was unaware that he amended the use of force policy in 2006 and thought there was only one from 1998.

15. If a victim complains to internal affairs, but in the eyes of an investigator fails to cooperate, the citizen complaint is deemed "unfounded."

16. Abuse victims must complain in order for internal affairs to investigate prisoner injury.

17. Internal affairs opens a file when Mass.Gen.L. c.258 letters and federal complaints are received, but rather than investigate same, internal affairs merely forwards the paperwork to the City's Law Department and no investigation is mandated.

18. Files of internal affairs investigators reflect no communications with complainants.

19. Internal affairs interviews are never transcribed.

20. Chief Romero acknowledged that in a number of cases what the officer reports in the incident report seldom matches what appears in the booking arrest form, and he agreed that the description from the incident report of the injury often did not gibe with injuries shown in the booking photo.

21. Chief Romero typically does not sign a letter indicating he agrees or disagrees with the conclusions of internal affairs investigators.

22. Lawrence does not keep track of complaints by category of abuse, and does not know what percentage of claims are sustained and what percentage are unfounded.

23. Injured prisoners infrequently get medical care, and there is no quality control to determine which prisoners need such care; officers will erroneously write that a prisoner refused medical care.

24. In this action a witness who was locked up at the station with Mr. Estevez will testify Mr. Estevez requested medical care but did not receive it.

Sworn and subscribed under the pains and penalties of perjury this 30th day of September, 2010.

/s/ Hector Pineiro
_____
Hector E. Pineiro